|||
|---|---|
|1||
|2||
|3||
|4||
|5||
|6||
|7||

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| RICHARD TURAY, *et al.*, | ) | |
| Plaintiffs, | ) | CASE NO. C91-0664RSM |
| v. | ) | |
| HENRY RICHARDS, PhD., *et al.* | ) | ORDER DENYING MOTIONS TO INTERVENE AS AMICUS CURIAE |
| Defendants. | ) | |

This matter comes before the Court on two motions to intervene as *amicus curiae*, filed by Andre B. Young. (Dkts. #2036 and #2039). In those motions, Mr. Young seeks to intervene in Hall, *et al.* v. Quasim, *et al.* and Pedersen, *et al.* v. Hill, *et al*. These cases were formerly filed under their own case numbers, but have since been consolidated with the instant action. (*See* Dkt. #2018 at 4 and Case Nos. C94-121RSM and C94-211RSL).

Mr. Young argues that this Court should consider the interests of "non-treatment" plaintiffs, which are apparently represented in those two former cases. He states that he does not wish to interfere with the upcoming status hearing pertaining to the conditions of confinement at the Special Commitment Center ("SCC") and related injunction. Rather, Mr. Young apparently seeks to intervene because he believes that the SCC administrators have proclaimed the SCC to include a Pedophile Treatment Program, and that mischaracterizes the program which also treats "a population [that] has a

ORDER

contingent of persons convicted of raping adult females." (Dkt. #2036 at 2). Mr. Young also apparently believes that certain *pro se* plaintiffs involved in the aforementioned former cases, Hall, *et al.* v. Quasim, *et al.* and Pedersen, *et al.* v. Hill, *et al.*, have not been adequately represented by counsel to date, and that they have not had their complaints heard in this Court, even though they continue to be named plaintiffs in this consolidated action.

The Court has reviewed Mr. Young's motions, as well as the remainder of the record, and hereby finds and ORDERS:

(1) The motions to intervene as *amicus curiae*, filed by Andre B. Young (Dkts. #2036 and #2039) are DENIED as untimely. The time to raise the issues presented by Mr. Young has long passed. As stated in the Court's Findings of Fact and Conclusions of Law and Order Regarding the October 21, 2004, Compliance Hearing, the Court has jurisdiction to review only a narrow set of issues, including those related to the SCTF and LRA protocol.[1] (*See* Dkt. #2018). Moreover, no other of the *pro se* plaintiffs involved in the aforementioned cases, Hall, *et al.* v. Quasim, *et al.* and Pedersen, *et al.* v. Hill, *et al.*, have argued to this Court that their interests have not been adequately represented. Accordingly, the Court finds that intervention by Mr. Young at this point is not appropriate.

(2) The Clerk shall send a copy of this Order to Mr. Young, *pro se* plaintiffs and all counsel of record.

DATED this __6__ day of December, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that it is currently considering requests by the represented and *pro se* plaintiffs to consider other limited issues pertaining to the injunction at the next schedule compliance hearing.

ORDER