UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD TURAY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | CASE NO. C91-0664RSM |
| ) | |
| v. ) | |
| ) | ORDER DENYING MOTION TO |
| HENRY RICHARDS, PhD., *et al.* ) | IMPLEMENT NEW INTERVENING LAW |
| ) | |
| Defendants. ) | |
| _____) | |

      This matter comes before the Court on a Motion to Implement New Intervening Law, filed by Randy Pedersen and Andre B. Young. (Dkt. #2051). In that motion, Mr. Pedersen and Mr. Young request that the Court implement the rule set forth in *Jones v. Blanas*, 393 F.3d 918 (9th Cir. 2004), which they believe stands for the proposition that plaintiffs cannot be detained in defendants' county jail facilities. (Dkt. #2051 at 1).

      The Court has reviewed the motion, as well as the remainder of the record, and hereby finds and ORDERS:

      (1) In so far as the Motion to Implement New Intervening Law (Dkt. #2051) is brought by Andre B. Young as *amicus curiae*, the motion is DENIED for the following reason. Mr. Young does not have standing to bring such a motion, as he is not a plaintiff in the case. He has previously been denied *amicus curiae* status. (Dkt. #2041).

      (2) In so far as the Motion to Implement New Intervening Law (Dkt. #2051) is brought by Randy Pedersen, the motion is DENIED for the following reasons. Although it is not entirely clear in

ORDER

1  the briefing, it appears that Mr. Pedersen believes the "new" law which he asks this Court to
2  implement pertains to the instant case through *Hall*, *et al.* v. *Quasim*, *et al.* and *Pedersen*, *et al.* v.
3  *Hill*, *et al.* (Dkt. #2051 at 1).  These cases were formerly filed under their own case numbers, but
4  have since been consolidated with the instant action.  (*See* Dkt. #2018 at 4 and Case Nos. C94-
5  121RSM and C94-211RSL).  However, as Mr. Pedersen has been informed numerous times by this
6  court, his, as well as the other plaintiffs', appeals from prior orders in this case in the Ninth Circuit
7  Court of Appeals divests this Court of jurisdiction to consider any additional requests for relief that
8  would alter the *status quo* in this matter.  (*See* C91-664RSM, Dkts. #1923, #1926 and #1954 and
9  C94-121RSM, Dkts. #1301 and #1306).

10  Moreover, Mr. Pedersen misunderstands the holding of *Jones v. Blanas*, *supra*.  In that case,
11  the Court of Appeals determined that individuals who are held under civil process, such as those being
12  held for adjudication under California's sexually violent predator/civil commitment laws, are entitled to
13  conditions of confinement that are not punitive.  *Jones*, 393 F.3d at 933.  Accordingly, the court
14  granted relief to Mr. Jones, who had been detained in the general population while awaiting trial on
15  the state's petition for civil commitment.  That proposition does not apply to the instant case, where
16  there is no evidence that any of the plaintiffs are being held in a prison or in a county jail, and where
17  the procedural posture of the case is long past the initial, pre-trial stages of civil commitment.  To the
18  extent that Mr. Pedersen continues to assert that his current confinement in the Special Commitment
19  Center is punitive, that substantive issue is part of the appeals now being pursued in the Ninth Circuit
20  Court of Appeals.

21  (2)  The Clerk shall send a copy of this Order to Mr. Pedersen, Mr. Young, *pro se* plaintiffs
22  and all counsel of record.

23  DATED this 18th day of January 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER